_____

No. 95-2052
_____

Lloyd Nelson White,                    *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       *
Larry Garrison, Investigator,          *
Arkansas State Police; Larry           *
Mills, Chief of Police,                *  Appeal from the United States
Harrisburg, Arkansas, City             *  District Court for the
Police Department; Scott Long,         *  Eastern District of Arkansas.
Officer, Harrisburg, Arkansas,         *
City Police Department; Jimmy –        *  [UNPUBLISHED]
Carter; Chester Cord, Deputy,          *
Poinsett County Sheriff's              *
Department; Steve Inboden, Deputy*
Prosecuting Attorney, Poinsett         *
County Prosecutor's Office;            *
Wayne Mooney, Attorney,                *
                                       *
          Appellees.                   *


_____

          Submitted: November 27, 1995

              Filed: December 1, 1995
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Lloyd Nelson White appeals from the district court's[1] dismissal of
his 42 U.S.C. § 1983 complaint.  We affirm.

     On January 5, 1995, White filed a section 1983 action against five
Arkansas state and local police officers, alleging they

_____

     [1]The Honorable George Howard, Jr., United States District
Judge for the Eastern District of Arkansas.

violated his Fourth Amendment rights by searching the premises of his business and seizing his property while executing an arrest warrant on May 16, 1989. White further contended two other defendants, public defender Mooney and prosecutor Inboden, conspired with the defendant police officers to convince White that the search was legal and to obtain his guilty plea. The district court dismissed White's complaint with prejudice, concluding that the statute of limitations had run.

We review de novo the district court's dismissal. See Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). The district court correctly determined White's complaint was time-barred. The relevant Arkansas limitations period is three years. See Wilson v. Garcia, 471 U.S. 261, 280-81 (1985) (limitations period for § 1983 action is state's personal injury statute of limitations); Ark. Code Ann. 16-56-105 (Michie 1994). White knew or should have known his constitutional rights were violated at the time of the 1989 search; therefore his suit filed more than five years later falls outside the applicable limitations period. See Nasim v. Warden, Maryland House of Corrections, 64 F.3d 951, 955 (4th Cir. 1995) (accrual of civil rights action governed by federal law and determined by when plaintiff knew or had reason to know of harm constituting basis for action); see also Moore v. McDonald, 30 F.3d 616, 620-21 (5th Cir. 1994) (§ 1983 claim for an illegal search accrued on day of search). Furthermore, White did not plead facts that would merit tolling the limitations period. See Board of Regents of Univ. of New York v. Tomanio, 446 U.S. 478, 484 (1980) (tolling for § 1983 claim determined by state law); Ark. Code Ann. §§ 16-56-116, 16-56-120 (Michie 1994) (statute tolled only if plaintiff under disability at time action accrued or defendant acted to prevent plaintiff from commencing action); Roberts v. Dillon, 15 F.3d 113, 115 (8th Cir. 1994).

We note even if White's claim was not time-barred, he could not pursue a section 1983 claim on the ground that defendants conspired to elicit his guilty plea and deprive him of rights of judicial process in connection with his conviction.  See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).

Accordingly, we affirm the judgment of the district court.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.