Jane ALEXANDER, Appellant,

v.

Walter PEFFER, City of Omaha,
a Municipal Corporation,
Appellees.

No. 92–2627.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 22, 1993.

Decided May 21, 1993.

Bruce G. Mason, Omaha, NE, argued, for appellant.

James E. Fellows, Omaha, NE, argued (Herbert M. Fitle and Wendy E. Hahn, on the brief), for appellees.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant Jane Alexander appeals from a judgment of dismissal of her civil rights complaint entered by the United States District Court for the District of Nebraska [1] pursuant to Fed.R.Civ.P. 12(b)(6). The district court held that appellant failed to allege a cause of action which is cognizable under 42 U.S.C. § 1983. We affirm.

Appellant and James Alexander, her husband, are employed by the City of Omaha Police Department. Appellant works as a secretary in the records section and James as a police sergeant. James is also a member of the Executive Board of the Police Union Local 101. In early 1991 Appellant unsuccessfully applied for a position as a police officer. On April 4, 1991, Appellee Walter Peffer, administrative assistant to the mayor of Omaha, appeared on a radio talk show with Sergeant James Alexander. During the program, Appellee asked James whether the recent union criticism of the mayor was because Appellant had not qualified for the position of police officer.

As a result of that conversation, Appellant filed this § 1983 suit alleging that Appellee acting in his official capacity intentionally and deliberately publicly disclosed personal information about her in violation of her constitutional right to privacy, liberty, and property and in deprivation of her freedom of association as the wife of a union official. Appellant also alleged that Appellee suggested that she had improperly sought mayoral intervention in her efforts to get the police officer position.

Appellant further alleged that Appellee's public disclosures about her efforts to become a police officer not only humiliated her but also cause her to become distraught. She alleged that Appellee's comments were intentionally made to discredit the union; and that her personal reputation had been violated in a public forum in a controversy between the City of Omaha and the police union to which she was not privy. Appellee filed a 12(b)(6) motion to dismiss Appellant's petition for failure to state a claim. The district court granted the motion to dismiss, concluding that the injury alleged by Appellant was not one of a constitutional magnitude and therefore not cognizable under § 1983. This appeal followed.

■ We review Rule 12(b)(6) motions to dismiss *de novo. Wells v. Walker,* 852 F.2d 368, 369–70 (8th Cir.1988), *cert. denied,* 489 U.S. 1012, 109 S.Ct. 1121, 103 L.Ed.2d 184 (1989). Like the district court, we must review the complaint most favorably to the non-moving party and may dismiss "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Dismissal is appropriate "as a practical matter ... only in the unusual case in which a plaintiff includes allegations that shows on the face of the complaint that there is some insuperable bar to relief." *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974). To make a prima facie § 1983 claim Appellant must allege that the Appellee's conduct caused a constitutional violation and that the challenged conduct was performed under the color of state law. *Collins v. Harker Heights,* —— U.S. ——, ——, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992) (*Collins* ). Hence, although § 1983 provides a citizen with an effective remedy against those abuses of state power that violates federal law, the constitution does not provide a remedy for abuses that do not violate federal law.

■ In *Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) (*Whalen* ), the Supreme Court determined that one component of the protection of the right to privacy embodied in the fourteenth amendment is an individual's interest in avoiding disclosures of personal matters. *Id.* at 599–600, 97 S.Ct. at 876. The Court in *Whalen,* also concluded that that protection covers both an individual's right to avoid disclosures of highly personal matters and the right to make important decisions such as marriage, procreation and child rearing, without the interference of government. *Id.* at 600 n. 26, 97 S.Ct. at 876 n. 26. In essence the Court

---

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

identified two kinds of privacy interests: confidentiality and autonomy. Confidentiality concerns an individual's interest in avoiding disclosure of personal matters, and autonomy pertains to an individual's interest in independence in making certain kinds of important decisions. *Id.* The gist of Appellant's complaints centers upon the alleged violation of her right to privacy from public disclosures of personal information about her contained in Appellee's questions and statements to her husband during their radio talk show. Thus, at issue here is the confidentiality interest and the question then is whether there is any constitutional protection against unwarranted personal disclosures.

As a preliminary matter we note that tortious conduct even when performed under the color of law does not become a constitutional wrong. *Collins*, —— U.S. at ——, 112 S.Ct. at 1070. "[T]he personal rights found in [the] guarantee of personal privacy must be limited to those which are 'fundamental' or 'implicit within the concept of ordered liberty'...." *Paul v. Davis*, 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976) (*Davis*), (*citing Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)). In *Davis*, state police officers distributed a flyer identifying the plaintiff as an "active shoplifter," although the plaintiff had merely been arrested, not convicted, of shoplifting, and although the charges against him were later dismissed. Addressing a procedural due process claim, the court found that "reputation alone, apart from some more tangible interest such as employment," is not "'liberty' or 'property' by itself sufficient to invoke the procedural Due Process clause." *Id.* 424 U.S. at 701, 96 S.Ct. at 1160. Moreover, the court also found that the flyer did not violate any substantive due process right, because "[plaintiff's] claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be 'private,' but instead on a claim that the State may not publicize a record of an official act such as an arrest." *Id.* at 713, 96 S.Ct. at 1166.

Just last term, the Supreme Court reaffirmed its reluctance to expand its concept of substantive due process "because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."

*Collins*, —— U.S. at ——, 112 S.Ct. at 1068. In *Collins*, the court emphasized the importance of focusing on the complaint, the constitutional right at stake, and how the governmental entity allegedly deprived Collins of that right. The court stated:

> Because the Due Process Clause "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liabilities for injuries that attend living together in society" we have previously rejected claims that the Due Process Clause should be interpreted to imposed federal duties that are analogous to those traditionally imposed by state tort law.

*Id.* at ——, 112 S.Ct. at 1070 (citations omitted).

In *Davis III v. Bucher*, 853 F.2d 718 (9th Cir.1988) (*Davis III*), an inmate appealed an order of summary judgment wherein the district court found that the inmate's constitutional right to privacy had not been violated when a state's correctional officer exhibited nude photographs of the inmate's wife to other inmates and made derogatory comments about the wife's anatomy. In analyzing and discussing the purposes of § 1983 and the purposes of state tort law, the court in *Davis*, held that the judiciary should be circumspect in expanding the substantive range of the due process clause, particularly if it requires redefining the category of rights deem to be fundamental. *Id.* at 720. Finally, the court noted that although the circulation of the nude photographs of the inmate's wife was a bad case of poor judgment, poor judgment did not warrant the transformation of a possible state tort into one of "constitutional magnitude." *Id.* Therefore, we hold that to violate Appellant's constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation of her to further some specific state interest, or a flagrant breech of a pledge of confidentiality which was instrumental in obtaining the personal information. *Davis*, 853 F.2d at 721.

In the present case, the information disclosed by Appellee, although exhibiting poor judgment and a lack of sensitivity, implicates neither the confidentiality nor the autonomous branch of the right to privacy. The

disclosures neither involved matters deemed to be fundamental rights nor addressed highly personal medical or financial information. Moreover, the statements and comments allegedly made by Appellee do not constitute the type of governmental abuse that demands a constitutional response. Consequently, we hold that to elevate such remarks as those alleged in Appellant's petition to constitutional dimensions would trivialize the fourteenth amendment.

Accordingly, the judgment of the district court dismissing Appellant's petition for failure to state a claim upon which relief can be granted is affirmed.