15 F.3d 113
 Michelle ROBERTS, Appellant,
v.
Kenneth DILLON; Pulaski County, Arkansas; Carroll Gravett,
in his individual capacity and official capacity
as Sheriff of Pulaski County, Arkansas;
John Does, 1-5, Appellees.
 No. 93-2391.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1994.
Decided Jan. 28, 1994.
 
 David A. Hodges, Little Rock, AR, argued (David Hodges and Michelle Roberts, on the brief), for appellant.
 David M. Fuqua, North Little Rock, AR, argued, for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michelle Roberts brought this suit in state court on December 15, 1992. She alleged that certain actions on the part of Kenneth Dillon, formerly a Deputy Sheriff for the Pulaski County Sheriff's Department, entitled her to damages for the tort of outrage, kidnapping, assault, and violation of 42 U.S.C. Sec. 1983. Carroll Gravett, Pulaski County Sheriff, removed the case to the Eastern District of Arkansas[1] and moved for dismissal on the grounds that the three-year statute of limitations had run on Roberts's Sec. 1983 claim. The District Judge agreed, dismissed Roberts's Sec. 1983 claim with prejudice, and remanded the state-law claims to state court. On appeal, Roberts alleges several errors that, she argues, entitle her to resurrect her Sec. 1983 claim. We affirm.
 
 I.
 
 2
 Roberts alleges that in April of 1989, Dillon, then with the Pulaski County Sheriff's Department, stopped her near the Morgan exit on I-40 and administered a field sobriety test. She passed the sobriety test, after which Dillon searched her car and her purse and found a small handgun. He informed her that he would have to "take her in" and that he did not know what to do with her. He had her drive her car off the freeway and told her to get into the front seat of his police car, which she did. He then drove her to a secluded area where he told her that he would get into trouble if he let her go; therefore, he wanted to know what was in it for him if he chose to do so. He then asked her to remove her clothes so that he could see her naked. Roberts does not allege that she actually did so.
 
 
 3
 Roberts brought suit in state court three years and eight months later, in December of 1992. She sued Dillon personally for kidnapping, assault, the tort of outrage, and damages under Sec. 1983. She also sued Pulaski County and the Pulaski County Sheriff, Carroll Gravett, in his personal and official capacities, alleging that the Sheriff was aware of Dillon's past sexual misconduct and had done nothing to stop it.
 
 
 4
 Sheriff Gravett was served with process on December 18, 1992, and filed a notice of removal and a motion to dismiss five days later. Dillon consented to the removal on January 15, 1993, by making a special appearance, although he was not officially served until February 1, 1993. Pulaski County was also served with process on December 18, 1993, but did not consent in its own name to removal until January 22, 1993. Since the County had consented more than twenty days after it was served, Roberts made a motion to strike its pleading and asked that a default judgment be entered against the County. The District Court denied Roberts's motion and proceeded to find for the defendants on all counts. The District Court concluded that the County's failure to answer earlier was the result of excusable neglect and enlarged the time for the County to file nunc pro tunc to January 22, 1993. The Court found that removal was proper and proceeded to dismiss Roberts's Sec. 1983 claim with prejudice because the three-year statute of limitations had expired. Determining that there was no need to continue to exercise pendent jurisdiction, the Court remanded the state-law claims to state court.
 
 II.
 
 5
 Roberts's first claim of error is that the District Court did not have jurisdiction to rule on her claims. Roberts argues that removal was improper because there is no diversity of citizenship between the parties to allow for the exercise of federal jurisdiction. This argument is without merit; it ignores the fact that Roberts alleged a cause of action under federal law--a Sec. 1983 violation. Removal was proper.
 
 
 6
 In the alternative, Roberts argues that removal was improper because the defendant County's consent was late. She argues that the County's consent was ineffective since it was given more than twenty days after suit was brought. This argument also fails. Sheriff Gravett was sued in his official capacity as well as his personal capacity. An official-capacity suit is merely another way of pleading an action directly against the public entity itself. Hafer v. Melo, --- U.S. ----, ----, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991), quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985); Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir.1987) (suit against an individual in his official capacity "is tantamount to an action directly against the public entity of which the official is an agent"). When Roberts sued Sheriff Gravett in his official capacity she sued the County as well--any naming of the County in the heading of the complaint was, therefore, redundant. By the same token, when Sheriff Gravett removed the suit, he removed for the County as well as for himself. All parties consented to removal on time, and the District Court properly exercised jurisdiction.
 
 
 7
 Roberts's second claim of error is that the District Court was mistaken when it dismissed her Sec. 1983 action with prejudice. She argues that Arkansas Code Ann. Sec. 16-56-120 prevents this dismissal because the defendants concealed Dillon's identity from her and thereby prevented the commencement of this action. Section 16-56-120 does allow for tolling of the statute of limitations when the defendant has concealed himself or by other improper action has prevented the commencement of a cause of action. However, Roberts has made nothing more than cursory allegations to this effect, as the District Court found, and has shown nothing by way of proof that the defendants' misconduct prevented her from proceeding with her suit. Regardless of whether Roberts knew Dillon's identity, she presumably knew that he was an officer with the Pulaski County Sheriff's Office and could have tracked him down with relative ease. Even were she unable to ascertain his identity, she could have sued him as a "John Doe" Deputy Sheriff, thereby preserving her cause of action. She did neither of these, and, therefore, the District Court properly dismissed her Sec. 1983 action.
 
 III.
 
 8
 For the foregoing reasons, we affirm the ruling of the District Court.
 
 
 
 [1]
 The Honorable Elisijane Trimble Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas