_____

No. 95-2105

_____

Loyel Schutterle,                    *
                                     *
          Appellant,                 *
                                     *
     v.                              *  Appeal from the United States
                                     *  District Court for the Northern
United States of America, sued       *  District of Iowa.
as United States; Department         *
of Agriculture, sued as United       *
States Department of                 *
Agriculture; Robert Purcell,         *
as agent for USDA; August F.         *
Honsell; John Does, 1-10, Jane       *
Does, 1-10,                          *
                                     *
          Appellees.                 *

_____

          Submitted:  November 16, 1995

               Filed:  January 19, 1996
_____

Before BOWMAN, BEAM, AND MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

BEAM, Circuit Judge.


     Loyel Schutterle contests a property tax assessment.  As a
result, he brought these 42 U.S.C. § 1983 and Bivens-type actions
against various state and federal defendants.  The district court[1]
granted summary judgment for the defendants on all claims.
Schutterle appeals.  Because we find Schutterle's arguments to be
without merit, we affirm.

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

## I. BACKGROUND

In June 1989, Schutterle filed a petition in Iowa County District Court appealing the 1989 property tax assessment of a forty-acre parcel of his farm. The appeal was Schutterle's third such appeal--as well as his third loss. According to Schutterle, the inaccurate assessment was due to an inflated property valuation which resulted from the Modern Soil Survey's inaccurate map of his property. Schutterle maintains that the map erroneously depicted his land as containing 1884 corn suitability ratings (CSR) (a measure of soil productivity) instead of 1246 CSR.

At the state court proceeding, the Iowa County Board of Review (the Board) subpoenaed two soil scientists, Thomas Fenton and Greg Schellentrager of the United States Department of Agriculture (USDA) Soil Conservation Service (SCS). The soil scientists provided testimony supporting the USDA's work product, the Modern Soil Survey, and thus supporting the Board's assessment of Schutterle's property. Schutterle also subpoenaed two soil scientists, Wayne Frederick and Kermit Voy, as well as an agronomist, Steve Johnston, a SCS employee, to show weaknesses in the Modern Soil Survey. Johnston declined to testify, however, and produced a letter in which the SCS denied him permission to testify pursuant to 7 C.F.R. § 1.214 (1995).[2] The agency reasoned that such testimony was not "in the interest of" the agency, as required by 7 C.F.R. § 1.214, because (1) Johnston was not an expert in the

---

[2]Pursuant to 7 C.F.R. § 1.214, a subpoenaed USDA employee is not authorized to appear as a witness in a judicial proceeding in which the United States is not a party unless the appearance has been approved by the head of the agency. As the United States was not a party to Schutterle's state court action, the head of the SCS had the discretion to deny Johnston permission to testify. See 7 C.F.R. § 1.214.

area,[3] and (2) Schellentrager, who was an expert in the area, was already testifying in the case.

Although unable to call Johnston, Schutterle did elicit testimony from his two soil scientists. After hearing this evidence, the state court reduced Schutterle's property tax assessment by twenty percent. Schutterle appealed unsuccessfully to the Iowa Court of Appeals.

Unsatisfied, Schutterle then moved to federal court. He filed this action in the nature of a section 1983 action,[4] naming numerous federal and state defendants, including, but not limited to, the United States of America, the USDA, and the state court judge who dismissed his state appeal. Schutterle claims those persons and agencies, involved in either the promulgation or the enforcement of 7 C.F.R. § 1.214, violated his due process rights.[5]

## II.  DISCUSSION

To the extent Schutterle sought review of his state property tax assessment, the district court lacked subject matter

---

[3]As an agronomist, Johnston had less direct knowledge of soil surveys than did Schellentrager and the other soil scientists.

[4]Upon realizing that section 1983 actions were unavailable against the federal defendants, Schutterle attempted to amend his complaint. The district court did not allow such amendment, but treated the proffered complaints as "briefs." From these briefs emerged the various constitutional and Bivens claims at issue here. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[5]The USDA's promulgation of 7 C.F.R. § 1.214 during the pendency of Schutterle's state court proceeding supplied fodder for an elaborate conspiracy theory wherein Schutterle claims that federal and state agents conspired to delay his state court action. This delay allowed the USDA more time to adopt 7 C.F.R. § 1.214, thereby preventing Schutterle's witness from testifying. Schutterle offered no credible evidence in support of this conspiracy claim.

jurisdiction over his claim.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  To the extent Schutterle attacked the constitutionality of 7 C.F.R. § 1.214, we doubt the district court had subject matter jurisdiction.  Nonetheless, we find that the district court properly disposed of the claim on summary judgment.

Section 1983 claims are unavailable against the named federal defendants[6] in this suit due to that section's state action requirement.  42 U.S.C. § 1983.  A Bivens action, providing a cause of action against federal officers under the Constitution, is available against federal officers.  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  However, Bivens actions are unavailable against these federal defendants. First, the United States and the USDA are not proper Bivens defendants because of sovereign immunity.  Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 739 (8th Cir. 1994), cert. denied, 114 S. Ct. 2118 (1994); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).  Second, Robert Purcell, the regional USDA attorney, is not a proper Bivens defendant as named individuals must have been actively involved in the alleged constitutional violation to support Bivens liability.  Laswell, 683 F.2d at 268.  Schutterle has offered no evidence to that effect.

The remaining defendants are the John and Jane Doe federal defendants.  Schutterle failed to state a Bivens claim against these defendants as his allegations do not rise to the level of a constitutional violation.  Schutterle claims that the operation of an unconstitutional regulation, 7 C.F.R. § 1.214, deprived him of his constitutional right to due process.  However, 7 C.F.R. § 1.214

---

[6]The sole state defendant, the state court judge, is shielded from this action by judicial immunity and was properly dismissed from suit by the district court.  Liles v. Reagan, 804 F.2d 493 (8th Cir. 1986) (judge acting within scope of judicial duties is absolutely immune from suit).

is clearly constitutional.  See, e.g., Touhy v. Ragen, 340 U.S. 462, 468 (1951); Ferrell v. Yarberry, 848 F. Supp. 121, 123 (E.D. Ark. 1994) ("The U.S. Supreme Court has explicitly recognized the authority of agency heads to restrict testimony of their subordinates by regulations such as [7 C.F.R. § 1.214].").  As 7 C.F.R. § 1.214 is constitutional, those involved in its promulgation and enforcement deprived Schutterle of no constitutional rights.  Consequently, he has failed to state a Bivens claim against these defendants.  We have considered the remainder of Schutterle's claims and find them to be without merit.

## III. CONCLUSION

In sum, Schutterle is asking this court to sit as a super-appeals court for his state property tax evaluation.  This, we refuse to do.  As we find Schutterle's claims to be without merit, we affirm.


A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-