**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 95-4041

_____

Bonnie McCaslin,                          *
                                          *
           Appellant,                     *
                                          *
      v.                                  *
                                          *
Charles Campbell, County                  *
Attorney of York County;                  *
County of York, Nebraska;                 *
Sgt. Rathje, York City Police             *   Appeal from the United States
Department; Housing Authority             *   District Court for the
of the City of York; York                 *   District of Nebraska.
Police Department; Kerri                   *
Naber, Administrative Asst. of            *      [UNPUBLISHED]
York Housing Authority; Robert            *
Sylvester, Administrator of               *
York Housing Authority; John              *
Does, in their official and               *
individual capacities,                    *
                                          *
           Appellees.                     *

_____

Submitted: March 11, 1997

Filed: April 2, 1997
_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Bonnie McCaslin appeals from the district court's[1] order dismissing certain claims as frivolous, and dismissing another claim under Federal Rule of Civil Procedure 12(b)(6), in this 42 U.S.C. § 1983 action. We affirm.

In her complaint, McCaslin raised twelve "grounds" for relief, eleven of which related to her conviction and sentence for perjury. As to these eleven grounds, the district court concluded they were barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (§ 1983 damages claim which would necessarily imply invalidity of conviction or sentence must be dismissed unless conviction has already been invalidated), and dismissed them without prejudice under 28 U.S.C. § 1915(d). We conclude the district court did not abuse its discretion in its dismissal of these claims. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (abuse-of-discretion standard of review for § 1915(d) dismissal).

In her twelfth ground, McCaslin alleged that personnel from the Housing Authority of the City of York, Nebraska, released social security account information without her consent. McCaslin sought only damages. Conducting an initial review pursuant to its Local Rule 83.10, the district court noted deficiencies in the pleading of this ground, and twice granted McCaslin leave to amend her complaint to cure the deficiencies. In subsequent amended complaints, McCaslin specified that the Housing Authority had released her social security number, bank account numbers, driver's license information, previous landlords, personal references, previous criminal record, and previous names. She also alleged that the Housing Authority was a federal actor because it received federal funds, and she identified two defendants who had obtained

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

2

financial documents pertaining to McCaslin from a bank without authorization.  McCaslin claimed the disclosure violated the Social Security Act, 42 U.S.C. § 1306(a); the Privacy Act, 5 U.S.C. § 552a; and the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(6).

The district court dismissed as frivolous both the Social Security Act claim, because the Act did not provide a private right of action for an unauthorized disclosure of information, and the FOIA claim, because the Housing Authority was not a federal agency and individuals were not proper defendants under the Privacy Act.  The district court also dismissed as frivolous her claims against the Housing Authority, the county, and two individuals, concluding that McCaslin had failed to allege sufficient facts of their personal involvement.

The district court found not frivolous, however, allegations that two other defendants violated her privacy rights; the court ordered issuance of summons upon them and informed them that no response, other than entry of appearance, was required until further notice.  After those two defendants had been served, the district court dismissed the complaint for failure to state a claim, noting that McCaslin had received full notice of the insufficiency of her complaint and a meaningful opportunity to respond through two amended complaints.  The district court concluded that there is no constitutional violation where the government's interest in disclosing information for the purpose of conducting a criminal investigation outweighs private interests, and that here the information was disclosed only to local authorities investigating a suspected fraud and was the type of information necessary to carry out a fraud investigation. McCaslin appeals.

With respect to the sua sponte Rule 12(b)(6) dismissal, which preceded any responsive pleading, we have held that the Nebraska district court's procedures for issuing a summons, staying defendant's required response, and then dismissing for failure to state a claim do not comply with the Federal Rules of Civil Procedure. See Porter v. Fox, 99 F.3d 271, 273-74 (8th Cir. 1996) (per curiam). Because the district court decided this case before we issued Porter, however, we address the remaining issue on the merits.

The Constitution protects individuals against invasion of their privacy by the government. See Whalen v. Roe, 429 U.S. 589, 598-602 (1977). "Th[e] protection against public dissemination of information is limited and extends only to highly personal matters representing `the most intimate aspects of human affairs.'" Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996) (quoted case omitted); see McNally v. Pulitzer Publ'g Co., 532 F.2d 69, 76-77 (8th Cir.), cert. denied, 429 U.S. 855 (1976). The disclosed information "must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir. 1993). We agree with the district court that McCaslin has not asserted a constitutional violation. First, much of the information disclosed was of public record, and thus was not constitutionally protected. See Eagle, 88 F.3d at 625-26. Second, the remaining information did not involve the most intimate aspects of human affairs.

Even if the information was protected, a state official may disclose intimate personal information obtained under a pledge of confidentiality if the government demonstrates a legitimate state interest in disclosure which is found to outweigh the threat to the

4

individual's privacy interest.  See James v. City of Douglas, 941 F.2d 1539, 1544 (11th Cir. 1991).  Based on the particular information disclosed, the criminal investigative purpose for the disclosure, and the recipients of the information, we conclude the government had a legitimate interest which outweighed McCaslin's privacy interest.

We also conclude the district court did not abuse its discretion in denying McCaslin appointed counsel.  See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (standard of review), cert. denied, 504 U.S. 930 (1992).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

5