**UNITED STATES of America,**

v.

**Charles PRAETORIUS et al., Defendants.**

**No. 78 CR 135(s).**

United States District Court, E. D. New York.

June 7, 1978.

David G. Trager, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Richard L. Huffman, Asst. U. S. Atty., of counsel), for defendants.

### MEMORANDUM

NICKERSON, District Judge.

The United States has submitted an *ex parte* application for the production by the Internal Revenue Service ("IRS") of income tax returns and taxpayer return information filed by certain persons being investigated or prosecuted for alleged violations of the narcotics laws. The application seeks an order, pursuant to 26 U.S.C. § 6103(i)(1),[1]

---

**1.** 26 U.S.C. § 6103(i)(1) provides:

"(i) Disclosure to Federal officers or employees for administration of Federal laws not relating to tax administration.—

(1) Nontax criminal investigation.—

(A) Information from taxpayer.—A return or taxpayer return information shall, pursuant to, and upon the grant of, an ex parte order by a Federal district court judge as provided by this paragraph, be open, but only to the extent necessary as provided in such order, to officers and employees of a Federal agency personally and directly engaged in and solely for their use in, preparation for any administrative or judicial proceeding (or investigation which may result in such a proceeding) pertaining to the enforcement of a specifically designated Federal criminal statute (not involving tax administration) to

directing the IRS to provide that information to Assistant United States Attorneys and agents of the Drug Enforcement Administration conducting the investigation.

The statute authorizes district court judges to order that income tax returns or taxpayer return information [2] be open to federal officials involved in a proceeding or investigation "pertaining to the enforcement of a specifically designated Federal criminal statute (not involving tax administration) to which the United States or such agency is or may be a party." § 6103(i)(1)(A). The court may grant such an *ex parte* order upon determining

"on the basis of the facts submitted by the applicant that—

(i) there is reasonable cause to believe, based upon information believed to be reliable, that a specified criminal act has been committed;

(ii) there is reason to believe that such return or return information is probative evidence of a matter in issue related to such criminal act; and

(iii) the information sought cannot reasonably be obtained from any other source . . ."

The return or return information shall be open "but only to the extent necessary as provided in such order."

Upon reading the application of the Assistant United States Attorney, the court is satisfied as to the first and third of the enumerated factors. Without reviewing the material sought, however, it is difficult to determine whether that material "*is* probative evidence" (emphasis supplied) or the extent to which it is "necessary". § 6103(i)(1)(A).

The court is aware of no reported decision which sheds light on the issue of the appropriate procedure to be used in making those determinations. A literal reading of § 6103(i)(1)(B) would appear to limit the court's inquiry to "facts submitted by the applicant." The statute does not, by its terms provide for *in camera* inspection of the requested material to determine its probative value. The court finds, however, that such *in camera* inspection is necessary to effectuate the purposes of the statute.

Section 6103 was amended in 1976 as part of the Tax Reform Act of 1976, Pub.L. 94–455, Title XII, 90 Stat. 1667. The new law completely restructured the procedures applicable to official requests for information filed with the IRS. Under prior law, federal prosecutors could obtain such information by routine request to the IRS without any application to the courts. See, e. g., *United States v. Costello*, 255 F.2d 876 (2d Cir. 1958), *cert. denied* 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); *United States v. Tucker*, 316 F.Supp. 822 (D.Conn.1970).

In proposing the amendment of § 6103, the Senate Committee on Finance

"decided that the information that the American citizen is compelled by our tax laws to disclose to the Internal Revenue

---

which the United States or such agency is or may be a party.

(B) Application for order.—The head of any Federal agency described in subparagraph (A) or, in the case of the Department of Justice, the Attorney General, the Deputy Attorney General, or an Assistant Attorney General, may authorize an application to a Federal district court judge for the order referred to in subparagraph (A). Upon such application, such judge may grant such order if he determines on the basis of the facts submitted by the applicant that—

(i) there is reasonable cause to believe, based upon information believed to be reliable, that a specific criminal act has been committed;

(ii) there is reason to believe that such return or return information is probative evidence of a matter in issue related to the commission of such criminal act; and

(iii) the information sought to be disclosed cannot reasonably be obtained from any other source, unless it is determined that, notwithstanding the reasonable availability of the information from another source, the return or return information sought constitutes the most probative evidence of a matter in issue relating to the commission of such criminal act.

However, the Secretary shall not disclose any return or return information under this paragraph if he determines and certifies to the court that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation."

2. The statute defines "return" and "taxpayer return information" at 26 U.S.C. § 6103(b).

Service was entitled to essentially the same degree of privacy as those private papers maintained in the home. Present law and practice does not afford him that protection . . . the Justice Department and other Federal agencies, as a practical matter, being able to obtain that information for nontax purposes almost at their sole discretion.

"The committee decided, therefore, that the Justice Department and any other Federal agency responsible for the enforcement of a non-tax criminal law should be required to obtain court approval for the inspection of a taxpayer's return or return information." S.Rep. 94–938, 94th Cong., 2nd Sess. at 328, 1976 U.S.Code Cong. and Admin.News at pp. 2897, 3757.

The statute prescribes no particular procedure by which the district courts are to review applications for disclosure and balance the investigative need for the material with taxpayers' privacy interests. The statute does, however, require that the court play some active role in performing that balancing process. As noted § 6103(i)(1)(A) provides that a court order may authorize disclosure for non-tax criminal investigative purposes "only to the extent necessary as provided in such order." By this language, Congress directed the district courts to limit prosecutors' access to tax information by making an independent determination of what, if any, of the material requested is "necessary" to the investigation described in the application.

Such an independent determination cannot be made solely "on the basis of facts submitted by the applicant" without reference to the material sought by the application. The Senate Committee on Finance explicitly recognized that the district courts' role in passing upon § 6103(i) applications would necessarily include preliminary review of the information requested before ordering its disclosure to prosecutorial agencies.

"The court procedure [under § 6103(i)] contemplates an *in-camera* inspection of the return or return information by the judge to determine whether any part or parts thereof meet the requirements of this section. Only the part or parts of the return or return information determined by the court to be necessary to the investigation or prosecution would be subject to disclosure under this section. In this regard, the committee contemplates that the more personal the information involved (for example, medical and psychiatric information), the more restrictive the court will be in allowing disclosure." S.Rep. 94–938, *supra*, at 329, 1976 U.S.Code Cong. and Admin.News at 3758.

The Committee on Conference which reconciled the House and Senate versions of the Tax Reform Act of 1976 incorporated this same language in its report approving this portion of the Senate bill. House Conf. Rep. No. 94–1515, 94th Cong., 2d Sess. at 482, 1976 U.S.Code Cong. and Admin.News at 4186.

The court will therefore conduct an *in camera* inspection of the material requested in the government's application, and release that information to the persons specified in that application "to the extent necessary" to the investigation and prosecution there described.