In re Lawrence G. **WILLIAMS**, Debtor.

Lawrence G. **WILLIAMS**, Plaintiff,

v.

**UNITED STATES of America, et al., Defendants.**

Bankruptcy No. 90–12125.
Adv. No. 91–1047.

United States Bankruptcy Court, D. Rhode Island.

Oct. 20, 1995.

---

Gerard Riso, Kurtzman, Haspel & Stein, Spring Valley, NY, and Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for Debtor/Plaintiff.

Peter Sklarew, Senior Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S.

Paul Goodale, Adler, Pollock & Sheehan, Providence, RI, for Citibank, N.A.

Matthew McGowan, Chapter 7 Trustee, Salter, McGowan, Swartz & Holden, Inc., Providence, RI.

## SECOND ORDER DIRECTING DEFENDANT TO PRODUCE ALL OVERDUE DOCUMENTS: (1) TO THE PLAINTIFF; or (2) TO THE COURT FOR IN CAMERA INSPECTION, AND ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR BLANKET DISCLOSURE

ARTHUR N. VOTOLATO, Bankruptcy Judge.

On April 14, 1995, the Defendant was ordered to:

> deliver to the Plaintiff, forthwith, all documents still due under the Plaintiff's first Request for Production.... [D]ocuments allegedly protected by the attorney-client privilege, work product, etc., should be delivered to the Court for *in camera* inspection, with the Government's request and reasons for relief regarding any claimed privilege, i.e., we are *not* leaving the determination of privilege with the IRS.

*Williams v. United States (In re Williams),* 181 B.R. 1, 5 (Bankr.D.R.I.1995).

The Debtor contends, and we fully agree, that by filing its "first, second, third, and fourth post-trial lists of documents withheld for *in camera* inspection," the Govern-

ment has violated both the letter and the spirit of the April 14, 1995 Order requiring *delivery* of disputed documents to the Court, and has provided no acceptable reason for continuing to withhold said documents, notwithstanding its incessant references to 26 U.S.C. § 6103.[1]

Now, in what we see as a belated recognition of the vulnerability of the position in which it now finds itself, and perhaps to buy still more time, the Government has filed a "Request for Instructions Respecting Turn–Over of Documents Withheld for *In Camera* Inspection and Opposition to 7/10/95 Motion for Blanket Disclosure." In its memorandum in support of that pleading, the Government makes a series of assumptions based on an incorrect and completely unjustified reading of the July 19, 1995 Order granting its Motion to Clarify. The plain and uncomplicated language of the clarification Order only mirrored *the Government's request* to specify and categorize the documents to be produced pursuant to the April 14, 1995 Order. By agreeing that our "Decision and Order is clarified *as set forth in the Defendant's Motion*" (emphasis added), we merely obliged and adopted the IRS's recommendation, made in its own motion.

By no stretch of either logic or imagination can the Government's present alleged uncertainty over the meaning and scope of the Clarification Order as expanded, and indeed distorted, in its Request for Instructions, be taken seriously.[2] Therefore, all of the reasons given by the Defendant for its misguided but chosen course of action are rejected, as are the self-serving procedural suggestions in its Request for Instructions, at pages 3–5.

The Defendant's conduct in these proceedings continues to be disruptive of an orderly discovery process, and becomes more burdensome as its rhetorical tantrums go on.[3] Although the Government, through recalcitrance and the creation of a blizzard of paper, has clearly succeeded in avoiding full document production thus far, it is reminded that absent the most serious damage that the IRS may eventually inflict upon itself (*and, incidentally the U.S. Treasury*) by continued discovery abuse, this tax dispute *will* be heard and resolved on the merits. Accordingly, the Internal Revenue Service is urged and admonished to stop the posturing, and for the reasons argued by the Debtor in his July 10, 1995 response, which are adopted and incorporated herein by reference, is ORDERED to deliver to the Plaintiff, within fifteen (15) days, *all* overdue documents, or to deliver to the Court within the same time, together with its reasons, those documents withheld pursuant to its requests for *in camera* inspection.[4]

1. The Government's ongoing claims of privacy/privilege have previously been decided adversely, at the January 7, 1992 hearing on the Plaintiff's Motion to Compel Production, when we ruled that such documents were not protected by the Defendant's vague and unspecified references to "other taxpayers." That ruling was not challenged, and is the law of this case. (See Exhibit A, Transcript of Jan. 7, 1992 hearing, at 3–4.) Even in the event, however, that the January 7, 1992 ruling is determined on appeal to be erroneous, the option to submit documents to the Court for *in camera* inspection removes any possible merit to the Government's § 6103 objection. *See United States v. Praetorius*, 451 F.Supp. 371 (E.D.N.Y.1978) (Court required *in camera* inspection of taxpayer information allegedly protected by § 6103, notwithstanding the fact that § 6103 does not expressly allow for *in camera* disclosure of taxpayer information). On the ground § 6103 is not an issue in this adversary proceeding, and that enough is enough, if the Government wishes to press the issue any further, it may do so only after obtaining from the District Court a reversal of our ruling herein.

2. Trying to learn as we go along, future rulings on requests for such seemingly innocuous relief will not be dealt with so naively by this Court.

3. Since the April 14, 1995 Decision and Order, the United States has filed thirty separate motions, memoranda, affidavits, declarations, and letters totaling over 260 pages (including over 200 footnotes in mini-type which effectively expand its filings to, probably, 290–300 pages), presenting arguments and issues never raised at the sanctions hearing. Borrowing from footnote 3 in its Request for Instructions, at 2, it is the Government that has laid the "welcome mat" for the prevailing hostile atmosphere, and it is the Government that needs to be disabused of the notion that this Court will just continue to receive its argumentative verbiage, without an appropriate response.

4. We also reject the Defendant's proposal to have a government attorney present during *in camera* examination. If assistance is necessary, the parties will be so advised.

Finally, the Plaintiff's Motion for Blanket Disclosure is DENIED without prejudice, but with the caveat that the failure of the IRS to comply with this Order will in all likelihood result, *at a minimum*, in the entry of an order granting said request. The issue of additional Rule 37 monetary sanctions, institutional and/or personal, is deferred until the conclusion of this largely unnecessary discovery litigation.

*EXHIBIT A*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN RE: | Case No. 90–12125 |
| | Adv. No. 91–1047 |
| LAWRENCE G. WILLIAMS | Providence, Rhode Island |
| | January 7, 1992 |
| Debtor. | |

| | |
|---|---|
| LAWRENCE G. WILLIAMS | |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TRANSCRIPT OF CONTINUED HEARING ON MOTION BY PLAINTIFF TO COMPEL PRODUCTION OF DOCUMENTS; OBJECTION BY DEFENDANT BEFORE THE HONORABLE ARTHUR N. VOTOLATO, J.U.S.B.C.**

**APPEARANCES:**

| | |
|---|---|
| For the Debtor: | ANDREW RICHARDSON, ESQ. |
| For the IRS: | EVERETT SAMMARTINO, ESQ. |

Electronic Sound Recording Operator: Charlene Freeborn

Proceedings recorded by electronic sound recording.
Transcript produced by transcription service.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GCI TRANSCRIPTION AND RECORDING SERVICES
505 HAMILTON AVENUE Suite 107
LINWOOD, NEW JERSEY 08221
(609) 927–0299      FAX (609) 927–6420
1–800–471–0299

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(At Tape # 1, Index # 254)

THE COURT: Lawrence Williams.

MR. RICHARDSON: Your Honor, that's on this morning on the debtor's motion to

compel the production of documents from the Internal Revenue Service.

The original request for production was sent out on April 30th, 1991. No response was received, and on June 7th, 1991 a motion to compel was filed. On June 24th we received an objection to the motion to compel as well as a response to the request for production. Essentially, the response said that there was a limited objection by the IRS to producing any materials requested which would divulge potentially confidential information of other taxpayers; however, it also said that they would produce the other documents that we requested, copies of tax returns, et cetera; but no documents were produced with the response.

We filed—what we did then was I think it was originally scheduled for hearing around July or so, we agreed to put off the hearing for the time being on the basis that the IRS contacted us and said that they would be producing the documents, that they had to get them from various centers. They had to be reviewed by various attorneys, and at this point, Your Honor, we've asked that it be scheduled for a hearing because we believe that we need an order. I know Mr. Boyajian received a phone call from counsel for the IRS in Washington yesterday indicating that there were documents in New York, documents in New Jersey, documents in Hartford. They would be forthcoming. We still think maybe it's necessary that we have an order from the Court requiring the IRS to produce the documents, so we'd ask for a thirty-day order.

THE COURT: Any objections?

MR. SAMMARTINO: Basically there is no objection, Your Honor, because the notification I received yesterday was that, in fact, the documents have been compiled logistically. They just have to be put in the proper order; however, just to give us a little cushion, we're asking for forty-five days, if possible.

THE COURT: Okay, now can I ask you, do you—can you tell us whether your client intends to produce everything that's asked for or is this—what's the privilege that's being asserted here, the privacy of other taxpayers and stuff? I'm not aware.

MR. SAMMARTINO: Standing where I'm standing, Your Honor, I cannot frankly answer your question because I don't know; but it's my understanding.

THE COURT: Okay, let me make a ruling and take this a step at a time as we go along.

MR. SAMMARTINO: All right.

THE COURT: In the absence of any authority and the possible ignorance of the Court to the privacy right that has been mentioned, but very vaguely in the pleadings, I would rule for our purposes now that there is no such privacy right or privilege and that any tax returns or tax information that is requested should be included with the delivery, notwithstanding that somebody else's name or figures might be in there. Okay? Does that make your job easier?

MR. SAMMARTINO: Your Honor, I frankly—without trying to excuse myself in any way under authority, I just don't know what documents they have. I haven't seen them, and I don't know whether or not this claim of privacy, under the circumstances, should or should not be claimed.

THE COURT: Well, right or wrong, it's the law of this case, okay?

MR. SAMMARTINO: Okay.

THE COURT: And I guess if you prepare an order, you can—

MR. SAMMARTINO: Is it for thirty or forty-five—

THE COURT: It's forty-five days since I've—

MR. SAMMARTINO: Forty-five?

THE COURT: —added the burden to give stuff that they don't think is—

MR. SAMMARTINO: Thank you very much, Your Honor.

MR. RICHARDSON: Thank you, Your Honor.

(End at Tape # 1, Index # 402).

*　　*　　*　　*　　*　　*

I certify that the foregoing is a true and accurate transcript of the proceedings elec-

tronically sound recorded on the above-entitled matter.

8/9/95

DATE

/s/ Gloria C. Irwin

Gloria C. Irwin

GCI Transcription & Recording Services

505 Hamilton Avenue Suite 107

Linwood, NJ 08221

(609) 927–0299 FAX (609) 927–6420

1–800–471–0299