_____

No. 96-1563
_____

Frank J. Taylor,                          *
                                          *
          Appellant,                      *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   Northern District of Iowa.
United States of America;                 *
Internal Revenue Service,                 *
                                          *
          Appellees.                      *


_____

          Submitted:  December 11, 1996

             Filed:  February 10, 1997
_____

Before BOWMAN and HEANEY, Circuit Judges, and SMITH,[1] District Judge.

_____

BOWMAN, Circuit Judge.


     Frank J. Taylor appeals from the decision of the District Court[2]
granting summary judgment to the United States on some of his claims
against the Internal Revenue Service (IRS), and dismissing the rest for
failure to state a claim.  See Taylor v. United States IRS, 915 F. Supp.
1015 (N.D. Iowa 1996); Taylor v. United States IRS, 186 B.R. 441 (N.D. Iowa
1995).  We affirm.

_____

     [1]The HONORABLE ORTRIE D. SMITH, United States District Judge
for the Western District of Missouri, sitting by designation.

     [2]The Honorable Mark W. Bennett, United States District Judge
for the Northern District of Iowa.

For tax years 1981 through 1988, Taylor did not timely file federal income tax returns, nor did he file state income tax returns. In 1987, he filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. In 1989, he was denied a discharge for various infractions, including failing to follow court orders and to keep records, and transferring assets in violation of the Bankruptcy Code. Five years later, the trustee had located only eighteen dollars in assets, so the bankruptcy court made no determinations as to creditors' claims. The case was dismissed on April 27, 1993.

In 1986, 1987, and 1991, the IRS made three disclosures of written tax information concerning Taylor to the Iowa Department of Revenue and Finance (IDORF), pursuant to specific written requests from the IDORF. The IRS had been investigating Taylor, but did not bring criminal charges against him. The state of Iowa, however, following an investigation by the IDORF that was based at least in part on the information it received from the IRS, filed criminal charges against Taylor for his failure to pay state taxes or file returns. Taylor was convicted.

On March 11, 1993, Taylor brought an adversary proceeding in the Bankruptcy Court, claiming violations of the Internal Revenue Code (IRC), the Privacy Act, and his alleged constitutional privacy rights.[3] He also asked the court to determine his federal tax liabilities for certain tax years. The court granted summary judgment for the United States on some of Taylor's claims and dismissed the rest of his claims. Taylor appeals.

---

[3]Soon after Taylor filed his complaint, on April 19, 1993, the IRS moved to withdraw the reference of the case to the Bankruptcy Court so that the case could proceed in the District Court. The motion was granted on August 3, 1993. See Taylor v. United States IRS, 186 B.R. 441, 444 (N.D. Iowa 1995).

We address first Taylor's arguments that the IRS wrongfully disclosed his tax information to the IDORF in violation of federal statutes. The court granted summary judgment to the United States on those causes of action, and we review de novo. Initially we note that any fact issues Taylor asserts do not concern material facts, so we are faced only with the question whether the United States is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

A.

Under the IRC, federal tax "[r]eturns and return information shall be confidential" and are not subject to disclosure under ordinary circumstances. 26 U.S.C. § 6103(a) (1994). Certain exceptions obtain, however, including one that permits disclosure to state tax officials "upon written request by the head of" the state taxing authority, "for the purpose of, and only to the extent necessary in, the administration of [state tax] laws." Id. § 6103(d)(1) (1994). Taylor asserts that federal officials disclosed his tax information without the requisite written request from the IDORF.[4]

---

[4]Taylor also makes a summary challenge to the scope of the materials the IRS disclosed, but he fails to identify with specificity which of the documents that were disclosed to the IDORF do not fall within the rather broad definitions of "return" and "return information," and why they do not. See 26 U.S.C. § 6103(b) (1994) (defining return and return information). In addition to the expansive definition of return found in § 6103(b)(1), "§ 6103(b)(2) contains an elaborate description of the sorts of information related to returns that [the IRS] is compelled to keep confidential," Church of Scientology v. IRS, 484 U.S. 9, 15 (1987)--or is permitted to disclose pursuant to an exception.

Taylor further argues that "the District Court ruling totally fails to address the Fourth Amendment unreasonable search and seizure ramifications" of the disclosures, an issue that, he contends, arises because the disclosures were made without a warrant and the IRS's investigation was criminal. Appellant's Brief at 11. Taylor does not contend that he even made this argument in the District Court, but if he did, his brief's single

Taylor contends that the written correspondence from the IDORF to the IRS specifically requesting tax information on Taylor came too late, because the tenor of the correspondence proves that an oral discussion of protected tax information took place before the IRS received the written requests. The District Court granted summary judgment to the United States on the grounds that an Agreement on Coordination of Tax Administration (March 30, 1983) and three Federal-State Implementing Agreements (June 4, 1984; October 20, 1986; and May 7, 1990) between the IRS and the IDORF constitute the necessary written request. We agree.

There is no indication in the text of the IRC's confidentiality and disclosure statute that Congress intended to require an individualized request in order to satisfy the strictures of § 6103 relevant to disclosure to state tax officials. What is required of the written statement is: (1) that the request be made "by the head of" the state agency charged under state law "with responsibility for the administration of State tax laws"; (2) that the request designate the individuals who are the representatives of the state taxing authority to receive the tax information; and (3) that the representatives named not be the chief executive officer of the state or any person who is not an employee of the taxing authority (nor certain other state employees described in the statute). Taylor does not claim that the Agreement on Coordination and the Implementing Agreements between the IRS and the IDORF do not meet the requirements of the statute. Moreover, we have examined the portions of the agreements that the parties submitted in the record on appeal and we see nothing to suggest that these documents fail to satisfy the statutory requirements of § 6103(d). Our conclusion accords with those

---

sentence on this issue fails to make a legal argument that we may consider in this appeal of his civil action against the IRS.

reached by two of our sister circuits. (The IRS has coordinating and implementing agreements with the taxing authorities of all fifty states.) See Long v. United States, 972 F.2d 1174, 1179 (10th Cir. 1992); Smith v. United States, 964 F.2d 630, 633 (7th Cir. 1992), cert. denied, 506 U.S. 1067 (1993).

Taylor argues that, if we allow the agreements at issue to operate as standing requests for disclosure of taxpayer information, we will "totally eviscerate[] Section 6103 as a statutory implementation of a right of privacy." Appellant's Brief at 12. We disagree. The confidentiality of taxpayer information is by no means absolute. The bulk of § 6103 constitutes exceptions to the general rule of non-disclosure. See Church of Scientology v. IRS, 484 U.S. 9, 15 (1987) ("Subsections (c) through (o) of § 6103 set forth various exceptions to the general rule that returns and return information are confidential and not to be disclosed. These subsections provide that in some circumstances, and with special safeguards, returns and return information can be made available to . . . state tax officials . . . ."). Notwithstanding the need to prevent abusive disclosure of federal taxpayer information by the IRS and others, Congress clearly recognized the need for disclosure of such information in certain carefully delineated circumstances. Disclosure of individual taxpayer information by the IRS to a state taxing authority via a standing written agreement that is carefully crafted to satisfy concerns for confidentiality implements rather than "eviscerates" the will of Congress.

B.

Taylor also argues that the District Court erred in granting summary judgment to the United States on his claim that the disclosures to the IDORF violated the Privacy Act, 5 U.S.C. § 552a (1994). Section 552a prohibits federal agency disclosure of "any record" kept by that agency "unless disclosure of the record would

be . . . for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section."  Id. § 552a(b)(3).  A "routine use" is defined as "the use of such record for a purpose which is compatible with the purpose for which it was collected." Id. § 552a(a)(7).  Subsection (e)(4)(D) requires the agency to publish in a timely manner in the Federal Register a notice of "each routine use of the records contained in the system, including the categories of users and the purpose of such use."

It is undisputed that the IRS published the necessary notices in the Federal Register for its "Individual Returns Files, Adjustments and Miscellaneous Documents Files" records system and its "Examination Administrative File" records system.  See 50 Fed. Reg. 29,821, 29,857 (1985) ("Disclosure of returns and return information may be made only as provided by 26 U.S.C. 6103.").  Further, it is clear that the disclosure of federal taxpayer information collected for the purpose of federal tax administration to state tax officials for the purpose of state tax administration is "use of [the] record for a purpose . . . compatible with the purpose for which it was collected."  5 U.S.C. § 552a(a)(7).  Taylor's argument that the IRS may disclose federal tax information only for the purpose of federal tax administration is unavailing.  Under § 6103, which (as the Federal Register notice states) governs the "routine use" of taxpayer information, "tax administration" includes "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (**or equivalent laws and statutes of a State**)."  26 U.S.C. § 6103(b)(4)(A)(i) (1994) (emphasis added).  As we have already discussed, the IRS's disclosures were in compliance with the restrictions set forth in § 6103(d).

We conclude that the District Court did not err in granting summary judgment for the government on Taylor's Privacy Act claim.

III.

The claims remaining in Taylor's lawsuit after the summary judgment motion was granted were dismissed on motion of the United States for failure to state a claim.  We review de novo.  See Labickas v. Arkansas State Univ., 78 F.3d 333, 334 (8th Cir.) (per curiam), cert. denied, 117 S. Ct. 395 (1996).

Taylor argues that "Congress lacks the power to legislate Section 6103," because the statute violates his "fundamental right to financial privacy."  Appellant's Brief at 8.  He cites two cases for the proposition that "[t]he right to financial privacy is in fact deeply rooted in this Nation's history and tradition."  Id.  It is apparent that Taylor misapprehends the nature of the privacy right he invokes, despite the District Court's thorough discussion of the distinctions between privacy as it relates to the confidentiality of information and privacy as it relates to personal autonomy.  See Taylor, 915 F. Supp. at 1022.  Taylor cites Moore v. City of East Cleveland, Ohio, 431 U.S. 494 (1977), wherein the Supreme Court held, in a plurality opinion, that "choices concerning family living arrangements" are constitutionally protected.  Moore, 431 U.S. at 499.  Such constitutional protection for freedom of choice in family living arrangements is unrelated to the right to privacy Taylor asserts here.  In the other case Taylor relies upon, this Court held there is no fundamental right to give a newborn a surname of one's choice.  See Henne v. Wright, 904 F.2d 1208, 1214 (8th Cir. 1990), cert. denied, 498 U.S. 1032 (1991).  The opinion in Henne is inapposite, not only because the Court found no such privacy right in the Constitution, but also because the case, like Moore, concerned an asserted privacy right in the realm of personal autonomy.  Taylor's contention that "[t]he `liberty' right to make certain decisions does include a right to financial privacy which is fundamental," Appellant's Brief at 8, thus proposes a faulty relationship between the privacy rights of confidentiality and autonomy; the "right" he asserts has nothing to

do with, and is not a part of, the right to make certain decisions free of government interference.

The District Court's opinion discusses the issue of financial privacy at some length, concluding that, although financial privacy is not a fundamental right, citizens are entitled to some protection from government disclosure of financial information. We agree, first, that Taylor has not asserted a fundamental right, and so any restriction that § 6103 may impose on Taylor's "right to financial privacy" is not entitled to strict scrutiny. We further agree, employing the lower level of scrutiny applicable here, that the government has the requisite interest (tax administration) and that § 6103 is sufficiently related to such interest, without unnecessarily infringing on any privacy rights Taylor may have in his tax information, to pass constitutional muster. See Taylor, 915 F. Supp. at 1023-24.

Taylor also makes a facial challenge to § 6103, arguing that the statute is unconstitutional because "it imperils the concept of `federalism.'" Appellant's Brief at 9. Taylor contends that § 6103(d) operates so that the federal government enhances the state's ability to collect tax revenues, thus infringing on the state's sovereignty. Surely no infringement on a state's sovereignty results from a federal statute that gives states the option of requesting information that actually may assist them, and cannot impede them, in the enforcement of state tax laws, and thus in the operation of state government. Likewise, § 6103 does not permit, and certainly does not compel, federal and state officials to "collaborate or conspire together to violate the rights of individual citizens." Appellant's Brief at 10. We conclude that Taylor's arguments based on federalism and state sovereignty are without merit.

-8-

IV.

Taylor challenges the District Court's decision to abstain in favor of an action in the Tax Court regarding the assessment of Taylor's tax liabilities for certain years. Given that the Tax Court action was pending when Taylor filed his motion and that a decision from the Tax Court apparently will be reviewable on appeal, and in the absence of any showing that the Tax Court is unable or unwilling to act appropriately, we cannot say the District Court abused its discretion in denying Taylor's motion.

Finally, Taylor contends that the District Court erred in denying as futile his motion to amend his complaint to add a challenge to the constitutionality of the Tax Court. We disagree. The law in this Circuit on the constitutional issue is well-settled. See Shenker v. Commissioner, 804 F.2d 109, 114 n.6 (8th Cir. 1986) (observing that courts, including the Eighth Circuit, "have uniformly upheld the constitutionality of the Tax Court," and citing cases), cert. denied, 481 U.S. 1068 (1987). We hold that the District Court did not abuse its discretion in denying as futile Taylor's motion to amend. See Ferguson v. Cape Girardeau County, 88 F.3d 647, 651 (8th Cir. 1996) (noting that permission to amend may be denied "where amendment would be futile" and that denial is reviewed for abuse of discretion).

V.

The judgment of the District Court is affirmed in all respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.