**CONFIDENTIAL INFORMANT
92–95–932X, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 99–154 T.

United States Court of Federal Claims.

Jan. 24, 2000.[1]

Dean F. Pace, Los Angeles, CA, for plaintiff.

G. Robson Stewart, with whom were Loretta C. Argrett, Assistant Attorney General and Mildred L. Seidman, Chief, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

## ORDER

HEWITT, Judge.

Before the court is plaintiff's discovery motion. Plaintiff moves to strike defendant's objection to certain discovery requests and to compel defendant to answer the propounded Interrogatories, Requests for Admissions, and Requests for Production and to produce a witness for deposition pursuant to Rule of the Court of Federal Claims ("RCFC") 30(b)(6). Defendant continues to interpose a nondisclosure objection under I.R.C. § 6103. For the following reasons, plaintiff's motion is GRANTED in part and DENIED in part.

## I. Background[2]

On February 2, 1993, plaintiff, Confidential Informant 92–95–932X ("Confidential Informant"), executed a written agreement with the United States, acting through the Internal Revenue Service ("IRS"), to provide information pertaining to violations of the Internal Revenue laws by a certain taxpayer ("the Taxpayer") for the tax years [ ]. In return for the information, the IRS agreed to pay the Confidential Informant a defined sum.

Paragraph 5 of the final executed agreement outlined the manner in which the IRS would make award payments to the Confidential Informant for the provision of information leading to the collection of $10,000,-000 in net taxes, fines and penalties from the Taxpayer. In pertinent part, paragraph 5 stated:

> The IRS will pay to the Informant a sum equal to 10% (ten) percent of the net taxes, fines and penalties (but not interest) col-

---

1. This opinion was issued under seal on December 22, 1999. Pursuant to ¶ 5 of the ordering language, the parties were instructed to identify protected/privileged material subject to deletion. Only plaintiff proposed redactions. Brackets identify where material has been deleted.

2. Unless otherwise stated, the recitation of facts in this Order are taken from Plaintiff's Motion to Strike and Compel.

lected from taxpayer, as a result of the information provided by the Informant, for the tax years [ ].[3] The total amount of all payments to the Informant shall not exceed $1,000,000, and will be distributed as follows:

(a) As the deficiencies in taxes, additions to taxes, fines, and penalties are assessed against the Taxpayer for the years [ ], and paid by the Taxpayer, the IRS will make payments to the Informant of 75% (seventy-five) percent of the Informant's 10% (ten) percent of the net tax deficiencies and penalties assessed and paid as a direct result of information supplied by the Informant with the maximum initial payments not to exceed $750,000 (seven hundred and fifty thousand dollars). All payments made in this manner shall be credited against the total reward payable under this agreement.

(b) The remaining 25% (twenty-five) percent of payment to the Informant under this paragraph shall not be made until the Informant provides both orally and in writing the information in his possession, similar to that provided for the years [ ], that show additional violations of the Internal Revenue laws by the corporation for the years [ ].

(c) The payment described in (b) above shall be made on the same day that the information for the years [ ] is provided by the informant.

Plaintiff's Motion to Strike and Compel ("Pl.'s Mot."), Ex. A at 2.

[ ].

After the May 1998 conference, plaintiff filed a claim with and sought an accounting from the IRS. His[4] claim and accounting request were denied by the IRS Western District Director on October 8, 1998, by the IRS Western Regional Counsel on January 21, 1999, and by the IRS Deputy Commissioner at the IRS National Office on March 1, 1999. Complaint ("Compl.") at ¶ 7. Having exhausted his administrative remedies with the IRS, plaintiff filed suit in the United States Court of Federal Claims on March 22, 1999, seeking declaratory judgment, an accounting, and breach of contract damages.

[ ].

To further buttress his claim for payment, plaintiff has propounded several discovery requests to defendant, including Interrogatories, Requests for Admissions, and Requests for Production of Documents. Plaintiff has also noticed a Rule 30(b)(6) deposition. Invoking IRS laws and regulations prohibiting or limiting disclosure of tax information, defendant has refused to respond to plaintiff's discovery requests. *See* Pl.'s Mot., Exs. G, H, I, and K.

Plaintiff contends that the defendant has objected improperly to the discovery requests because certain exceptions to the non-disclosure rule apply in this case. Plaintiff notes that the IRS itself relied upon a non-disclosure exception—in particular, I.R.C. § 6103(k)(6), which permits disclosure by internal revenue officers and employees for investigative purposes—when the Chief of the IRS Examination Division in Los Angeles disclosed to plaintiff during the February 1993 conference that the Taxpayer had agreed to pay certain additional taxes based on information plaintiff provided to the IRS. Pl.'s Mot. at 5. Specifically, plaintiff asserts, that without seeking a waiver from the Taxpayer, defendant may respond to the requested discovery under seal of the court pursuant to I.R.C. § 6103(h)(2)(B) (permitting disclosure to the Department of Justice for the purpose of tax administration) or pursuant to I.R.C. § 6103(h)(4)(B) (permitting disclosure in judicial and administrative proceedings). *Id.* at 16–17. If a waiver is necessary, however, plaintiff argues that defendant must itself obtain the waiver. *Id.* at 17.

II. Discussion

Title 26, United States Code, Section 6103 governs the confidentiality and disclosure of returns and return information. This provi-

---

**3.** The Western Regional Commissioner of the IRS signed the agreement on March 24, 1993.

**4.** "His" and "he" are used generically in this opinion to refer to plaintiff. Plaintiff's identity is confidential and protected by a Protective Order of this court issued on March 31, 1999.

sion of the Internal Revenue Code establishes the confidentiality of tax returns and return information and prohibits the IRS from disclosing a tax return or return information to the public. I.R.C. § 6103(a). *See Lehrfeld v. Richardson,* 132 F.3d 1463, 1463 (D.C.Cir.1998). The I.R.C. defines "return information" to include:

> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
>
> (B) any part of any written determination or any background file document relating to such written determination . . . .

I.R.C. § 6103(b)(2).

The underlying intent of section 6103 is "to prevent the Service from indiscriminately disclosing information it obtains from and about taxpayers." Michael I. Saltzman, *IRS Practice and Procedure* ¶ 4.06[1], at 4–57 (2d ed.1991). Accordingly, section 6103 prohibits the disclosure of confidential tax returns and return information, except in those limited circumstances delineated by the statute. *Id.* Under the Code, an unauthorized disclosure is a felony offense punishable by a fine and/or a term of imprisonment. *See* I.R.C. § 7213. *See also* 18 U.S.C. § 1905.

In defining the areas of permissible disclosure, "Congress attempted 'to balance the particular office or agency's need for the information involved with the citizen's right to privacy, as well as the impact of the disclosure upon the continuation of compliance with our country's voluntary tax assessment system.'" Saltzman, *IRS Practice and Procedure* ¶ 4.06, at 4–57.

The statutory exceptions to the general rule of nondisclosure are numerous. *See* I.R.C. § 6103(c)—(o) (thirteen defined statutory exceptions). *See also Baskin v. United States,* 135 F.3d 338, 341 (5th Cir.1998); *Jones v. United States,* 898 F.Supp. 1360, 1373 (D.Neb.1995), *aff'd in part and rev'd in part,* 97 F.3d 1121 (8th Cir.1996). Here, plaintiff argues that the requested information may be disclosed pursuant to exception § 6103(h)(2)(B) for tax administration purposes or exception § 6103(h)(4)(B) for judicial tax proceedings. Pl.'s Mot. At 16–17. Defendant disagrees, stating that confidential tax return information "may not be disclosed unless a specific exception applies." Defendant's Response to Plaintiff's Motion to Strike and Compel ("Def.'s Resp.") at 2. Defendant adds that " 'Congress . . . creat[ed] narrow exceptions to its prohibition against revealing taxpayer return information.' " *Id.* at 4 (quoting *Jones,* 97 F.3d at 1124–25).

■ The confidentiality of taxpayer information is not absolute. *Taylor v. United States,* 106 F.3d 833, 836 (8th Cir.1997). The Standard Federal Tax Reports specifically addresses judicial treatment of motions for discovery of tax return information protected from disclosure under section 6103. *See* 15 Stand. Fed. Tax Rep. (CCH) ¶ 36,894.07 (1998). Observing that "courts have taken an activist role in balancing the taxpayer's right of privacy against other parties' rights to discovery," that service collects authorities for the proposition that "[a]n entire tax return should not be disclosed if parts of the return will provide the information needed by the party requesting discovery." *Id. See also United States v. Praetorius,* 451 F.Supp. 371, 373 (E.D.N.Y.1978); *Guarantee Mutual Life Co. v. United States,* No. 77–0–407, 1978 WL 4574, at *2–3 (D.Neb. Aug. 28, 1978). If a threshold issue must be decided, only the information necessary to make that determination will be released. Once that threshold question is answered, other information will be released as necessary. *Guarantee Mut. Life Co.,* 1978 WL 4574, at *3.

■ Plaintiff seeks discovery in this case of certain tax return information pursuant to the exceptions to nondisclosure at I.R.C. § 6103(h), which authorizes disclosures to

certain federal officers for purposes of tax administration. I.R.C. § 6103(h). The I.R.C. defines "tax administration" as "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes ... [and] includes assessment, collection, enforcement, [and] litigation ... under such laws...." I.R.C. § 6103(b)(4). The case law indicates that the term "tax administration" is to be interpreted broadly. *Tavery v. United States*, 32 F.3d 1423, 1430 (10th Cir.1994). The proceeding before this court involves the efforts of the confidential informant to recover the reward money owed by the IRS for his provision of information leading to the collection of the Taxpayer's unpaid taxes. Construing the statutory definition of "tax administration" broadly, the court finds that this proceeding involves "tax administration" as contemplated under I.R.C. § 6103(b)(4).

Section 6103(h)(2)(B) of the I.R.C. permits disclosure of return information to officers and employees of the Department of Justice in preparation for any proceeding before a federal court in a matter involving tax administration provided that "the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding ...." I.R.C. § 6103(h)(2)(B). Additionally, section 6103(h)(4)(B) of the I.R.C. permits disclosure of confidential return information in a judicial proceeding pertaining to tax administration "if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding." I.R.C. § 6103(h)(4)(B). Here, the parties do not dispute that the requested return information would resolve this tax administration matter. Accordingly, having reviewed the policy considerations underlying § 6103, the court decides that the exceptions at §§ 6103(h)(2)(B) and 6103(h)(4)(B) to the rule of nondisclosure apply in this case.[5]

In determining how much disclosure of the Taxpayer's return information is appropriate, the court must balance the Taxpayer's right of privacy against plaintiff's right to discovery. *See* 15 Stand. Fed. Tax Rep. (CCH) at ¶ 36,894.07. Upon reviewing plaintiff's discovery requests, the court determines that defendant's recurring objection on the ground of return information confidentiality is overbroad. The court further determines that, as presently styled, a number of plaintiff's requests are overinclusive.

III. Conclusion

Based on the foregoing and "to secure the just, speedy, and inexpensive determination" of this action in accordance with RCFC 1(a)(2), the court orders the following:

1. With respect to Plaintiff's First Set of Interrogatories, defendant's responses to Interrogatory Nos. 1, 4 and 6 are sufficient.

Pursuant to the tax administration exceptions to nondisclosure under § 6103(h), the court compels defendant to respond to Interrogatory Nos. 2 and 3 stating only that information provided by the Confidential Informant which led to the collection of unpaid taxes from the Taxpayer.

Pursuant to the tax administration exceptions to nondisclosure under § 6103(h), the court compels defendant to respond to Interrogatory Nos. 5 and 7 and to identify more particularly the necessary "triggering" events referenced in defendant's response to Interrogatory No. 8.

2. With respect to Requests for Admissions propounded by plaintiff, the court compels defendant, pursuant to the tax administration exceptions to nondisclosure under § 6103(h), to respond to Request for Admission Nos. 1–90 and 111–125, stating only that information provided by the Confidential Informant which led to the collection of unpaid taxes from the Taxpayer. Defendant's responses to Request for Admission Nos. 91–110 and 126 are sufficient.

---

**5.** Disclosure pursuant to the statutory exceptions moots the need for a waiver of confidentiality from the Taxpayer. The court notes that, contrary to defendant's position, the identity of the confidential informant is protected from disclosure to the Taxpayer. Section 6103(h)(4) of the

I.R.C. prohibits disclosure of return information in a judicial tax proceeding it such "disclosure would identify a confidential informant or seriously impair a civil ... tax investigation." I.R.C. § 6103(h)(4).

3. With respect to Plaintiff's Request for Production of Documents, the court compels defendant, pursuant to the tax administration exceptions to nondisclosure under § 6103(h), to respond to Request for Production Nos. 1–3, 5, 7, and 8. Defendant's responses to Request for Production Nos. 4 and 6 are sufficient.

4. With respect to Plaintiff's Notice of RCFC 30(b)(6) Deposition, the court compels defendant, pursuant to the tax administration exceptions to nondisclosure under § 6103(h), to produce a RCFC 30(b)(6) witness for oral testimony as noticed by plaintiff. During deposition, defendant may not invoke the nondisclosure rule of § 6103 in any manner that is inconsistent with this order.

5. On or before Friday, January 21, 2000, each party shall file requests for deletion from the published opinion of any material which the party believes should remain under seal, stating with particularity the reasons therefor.

IT IS SO ORDERED.