DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Toledo Municipal Court, which denied appellant John E. Diefenbaugh's motion to suppress evidence and found him guilty of failing to file city tax returns and pay city taxes. For the reasons that follow, we affirm the decision of the trial court.
Appellant was found guilty in 2001 in the Toledo Municipal Court for failing to file city of Toledo tax returns and failing to pay city of Toledo taxes. Appellee, city of Toledo, obtained evidence against appellant from the Internal Revenue Service ("IRS") pursuant to an "Agreement on Coordination of Tax Administration" entered into by appellee and the IRS. Appellant appeals his conviction. However, he does not set out specific assignments of error; instead, he sets out a "Statement of issues presented for review." In essence, appellant contends: (1) that appellee obtained information from the IRS in violation of Section 6103(d), Title 26, U.S. Code; and (2) that because the evidence was unlawfully obtained, it should have been suppressed under the exclusionary rule.[1]
Appellee responded by filing a brief and arguing, among other things, that appellant's appeal was untimely. According to appellee, appellant filed his notice of appeal within thirty days of his sentence, but not within thirty days of the judgment finding him guilty. Since appellant is appealing from his conviction and not his sentence, appellee argues, his notice of appeal should have been filed within thirty days of the judgment finding him guilty. We disagree. According to Crim.R. 32(C), the judgment of conviction includes the "plea, the verdict or findings, and the sentence." Therefore, an appellant may wait until thirty days after sentencing to appeal a criminal conviction, even if the basis of his appeal is not the sentence.
Appellant argues that evidence appellee received from the IRS is "tainted" because it was gained in violation of Section 6103(d)(1), Title 26, U.S. Code. That section provides, in pertinent part:
 "(1) In general. Returns and return information with respect to taxes imposed by chapters 1, 2, 6, 11, 12, 21, 23, 24, 31, 32, 44, 51, and 52 and subchapter D of chapter 36 shall be open to inspection by, or disclosure to, any State agency, body, or commission, or its legal representative, which is charged under the laws of such State with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in, the administration of such laws, including any procedures with respect to locating any person who may be entitled to a refund. Such inspection shall be permitted, or such disclosure made, only upon written request by the head of such agency, body, or commission, and only to the representatives of such agency, body, or commission designated in such written request as the individuals who are to inspect or to receive the returns or return information on behalf of such agency, body, or commission. Such representatives shall not include any individual who is the chief executive officer of such State or who is neither an employee or legal representative of such agency, body, or commission nor a person described in subsection (n). * * *."
A municipality such as appellee is included in the definition of "State." See Section 6103(b)(5), Title 26, United States Code.
Courts construing Section 6103(d)(1) have concluded that coordination agreements such as the one entered into between appellee and the IRS satisfy the "written request" requirement of Section 6103. See, e.g.,Taylor v. United States of America, Internal Revenue Serv. (C.A.8, 1997), 106 F.3d 833, 835-836; Long v. United States of America, InternalRevenue Serv. (C.A.10, 1992), 972 F.2d 1174, 1179; White v. Comm'r ofInternal Revenue (D.Colo. 1982), 537 F. Supp. 679, 684. According to the Eighth Circuit, Section 6103(d)(1) requires only that:
 "(1) * * * the request [is] made `by the head of' the state agency charged under state law `with responsibility for the administration of State tax laws'; (2) * * * the request designate[s] the individuals who are the representative of the state taxing authority to receive the tax information; and (3) * * * the representatives named [are not] the chief executive officer of the state or any person who is not an employee of the taxing authority (nor certain other state employees described in the statute)." Taylor, 106 F.3d at 835-836.
The Eighth Circuit then found that the coordination agreement entered into by the IRS and the Iowa Department of Revenue and Finance satisfied these statutory requirements. Id.
Likewise, we find that the coordination agreement entered into by appellee and the IRS meets all of these requirements and thus satisfies the "written request" requirement of Section 6103(d)(1). Accordingly, appellant's assignments of error are found not well-taken.
Upon consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J. concur.
[1] Appellant moved to suppress the evidence in question and the trial court denied the motion.