PRESENT: OAKES, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

The two mandamus petitions now before us arise out of the securities litigation that followed the collapse of Worldcom. In one petition, the "Remand Petition," petitioners ask us to issue a writ of mandamus directing the United States District Court for the Southern District of New York (Denise Cote, *Judge*) to vacate its orders denying petitioners' motions to remand actions brought under sections 11 and 12 of the Securities Act of 1933 to various state courts. In a second petition, the "Consolidation Petition," petitioners ask us to issue a writ of mandamus directing the District Court to vacate its May 28, 2003 order consolidating petitioners' actions with a class action for pretrial purposes and vesting authority for conducting discovery and motion practice in the lead class-action plaintiff.

Because interlocutory appeal pursuant to 28 U.S.C. § 1292(b) remains a possible and adequate avenue for appellate review of the District Court's orders, and also because petitioners' right to relief in this case is not "clear and indisputable," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988), the petitions are denied.

With respect to both petitions, Judge Oakes dissents. Judge Oakes believes that, under the principles of *In re von Bulow*, 828 F.2d 94 (2d Cir.1987), the petitioners are entitled to a writ of mandamus if the District Court erred in holding that 28 U.S.C. §§ 1334 and 1452 control over Section 22(a) of the Securities Act of 1933. In the absence of a writ of mandamus with respect to the Remand Petition, Judge Oakes would issue a writ of mandamus directing the District Court to vacate its consolidation order of May 28, 2003. The majority, on the other hand, believes that, with respect to both petitions, the standards for a writ of mandamus have not been met.

**Michael J. MANDEL, Plaintiff–Appellant,**

v.

**U.S. OFFICE PERSONNEL MANAGEMENT, Joseph E. McCann aka Jay E. McCann, John H. Crandel, Defendants–Appellees.**

**Docket No. 03–6046.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2003.

Alan E. Wolin, Wolin & Wolin, Jericho, NY, for Appellant.

Vincent Lipari, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Deborah Zwany, Assistant United States Attorney, of counsel), Central Islip, NY, for Appellees.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Michael J. Mandel appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*), granting summary judgment in favor of defendant-appellees and dismissing plaintiff's claim that his rights under the Privacy Act, 5 U.S.C. § 552a(b), were violated.

In March 1997, Mandel was appointed to a position with the Immigration and Naturalization Services ("INS"), subject to a pending background check. In May 1997, Mandel was advised by the Office of Personnel Management ("OPM") that the background check had revealed that, when applying for federal employment, he falsified and omitted information regarding misconduct in his prior employment. OPM thereafter found Mandel unsuitable for federal employment on account of his prior misconduct and his falsifications on federal employment forms. Mandel challenged that determination in an administrative appeal before the Merit Systems Protections Board ("MSPB"). On appeal, the MSPB affirmed OPM's determination on several grounds, but noted that Mandel's falsification of federal documents was, independently, sufficient to find him unsuitable for federal employment. Mandel appealed the MSPB's decision to the Federal Circuit, which also affirmed the determination on the ground that Mandel's failure to report his prior employment history on federal employment application forms was sufficient to find him unsuitable. *Mandel v. Office of Pers. Mgmt.*, 20 Fed.Appx. 901, 901 (Fed.Cir.2001).

Mandel separately filed suit in the Eastern District of New York, claiming that OPM's disclosure of his personnel records to two witnesses, in an effort to prepare them to testify in the MSPB appeal, violated his rights under the Privacy Act, 5 U.S.C. § 552a(b). Granting the OPM's cross-motion for summary judgment, the district court held that the disclosure of the records to prepare witnesses for testi-

mony in an administrative appeal in which OPM was defending its unsuitability determination constituted a "routine use" under §§ 552a(a)(7) and (b)(3) of the Act. *See Mandel v. Office of Pers. Mgmt.*, 244 F.Supp.2d 146, 150–53 (E.D.N.Y.2003). The court also held, in the alternative, that summary judgment for defendant-appellants was warranted because Mandel had not shown that he was adversely affected by the disclosure of his records. *Id.* at 153. We affirm the district court's decision on the grounds that Mandel failed to prove that he was adversely affected by the disclosure. We, therefore, do not address whether OPM's disclosure constituted a routine use, nor do we address OPM's argument that Mandel effectively waived the protections of the Act by appealing OPM's unsuitability determination, and thereby placing the records into issue.[1] *Id.* at 152–53.

On appeal, Mandel contends that the district court erred in holding that he failed to show that he had been adversely affected by the disclosure of his records. Mandel asserts that OPM's disclosure of his records to two witnesses in order to prepare them to testify at the administrative appeal resulted in the affirmance of his unsuitability determination, which adversely affected him by causing emotional stress and difficulty finding employment. The district court rejected this argument, finding no causal connection between the disclosures and the alleged adverse effect. *Id.* at 153.

We review the district court's decision granting summary judgment *de novo, see*

*Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir.2002), and agree that the chain of causation between OPM's disclosures and the adverse effects alleged is too attenuated to prove a violation of the Privacy Act. In order to establish the requisite causal connection, a plaintiff must demonstrate a close nexus between the disclosure and the adverse effects alleged. *See Cardamone v. Cohen*, 241 F.3d 520, 530 (6th Cir.2001) (holding that causal nexus did not exist where there was no evidence that the disclosure had an impact on the testimony of witnesses); *Quinn v. Stone*, 978 F.2d 126, 136 (3d Cir.1992) (holding that causal connection exists where "investigation was initially caused in significant part by the disclosure"); *Hewitt v. Grabicki*, 794 F.2d 1373, 1379 (9th Cir. 1986) (finding no adverse effect where plaintiff's decision to resign stemmed from health issues involving his ability to return to work, and was not causally related to the disclosure of records). Mandel has offered no evidence to show that the affirmance of his unsuitability determination, and its attendant effects, were caused by OPM's disclosure or the witnesses' testimony. Indeed, as stated in the unsuitability determination and the administrative decision affirming it, Mandel's falsifications and omissions in his application for federal employment were, independently, sufficient to find him unsuitable for federal employment.

To the extent that Mandel claims he suffered emotional stress because the testifying witnesses were permitted to review his personnel records, we find, under the

---

1. Mandel argues that, because OPM failed to provide him with actual notice of the routine uses to which his information would be subject, *see* 5 U.S.C. § 552a(e)(3)(C), the challenged disclosure could not constitute a routine use under §§ 552a(a)(7) and (b)(3). The district court did not address this issue. Nor do we, although we note that other circuits have considered the issue. *See Fattahi v.*

*Bureau of Alcohol Tobacco and Firearms*, 328 F.3d 176, 178 (4th Cir.2003); *Taylor v. United States*, 106 F.3d 833, 836 (8th Cir.1997); *Pippinger v. Rubin*, 129 F.3d 519, 532 (10th Cir. 1997); *United States Postal Serv. v. Nat'l Ass'n of Letter Carriers*, 9 F.3d 138, 140 (D.C.Cir. 1993); *Covert v. Harrington*, 876 F.2d 751, 753 (9th Cir.1989).

circumstances of this case, Mandel has not shown an adverse effect sufficient to implicate the protections of the Privacy Act. The testifying witnesses were individuals who had been Mandel's supervisors at a prior job; consequently, they were already well-acquainted with the circumstances of Mandel's prior employment. Moreover, as questioned witnesses at the administrative appeal hearing, they would have been privy to almost all of the disclosed information, regardless of OPM's disclosure. Accordingly, we agree with the district court that Mandel failed to prove that the adverse effects alleged were caused by OPM's disclosure of his records.

For these reasons, the judgment of the district court is AFFIRMED.