The Honorable Jim Roberson Lonoke County Sheriff 301 Court Street Lonoke, AR 72806
Dear Sheriff Roberson:
You have requested my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), A.C.A. § 25-19-101
through -109 (Repl. 1996 Supp. 2001), concerning whether to release to a requesting individual certain records relating to disciplinary action taken against a former Lonoke County Deputy Sheriff. In support of your request, you have attached the following documents:
 • A memorandum, dated May 25, 2004, from you to the subject of the disciplinary action imposing a two-day suspension without pay.
 • A handwritten statement, dated May 26, 2004, from the subject of the suspension purporting to explain the circumstances giving rise to the discipline.
 • A Personnel Conference Memo, dated May 26, 2004, itemizing the allegations of misconduct, cross-referencing the subject's handwritten statement, and memorializing the two-day suspension.
• The FOIA request itself, dated July 13, 2004.
You report in your request that your investigation has been completed and the subject of the two-day suspension has since resigned.
In my opinion, all of the documents itemized above constitute "employee evaluation/job performance records" under the FOIA. The FOIA does not define the phrase "employee evaluation or job performance record," nor have the courts found occasion to do so. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2003-073; 2002-047; 2001-203; 96-132; 91-324. Formal, written employee evaluations of course fall into this category. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 2001-203; 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
The FOIA dictates that job performance records be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).[1]
With respect to the first of these requirements, I am unaware of whether the Lonoke County Sheriff's Department's administrative appeals procedure would allow an employee who has resigned to continue an appeal of a disciplinary action. If not, this first analytical prong is moot. If your department would allow a former employee to pursue an administrative appeal, the initial question will be whether an appeal has in fact been taken and resolved. If it has, this prong will be met. If the subject of the request has not taken an appeal and time remains under your appeals policy to do so, then you should withhold the requested documents. Finally, if the time has run to take an appeal, this prong will be met.
With respect to the second prong of the above recited test, I believe all of the records in question, excepting the FOIA request itself, clearly formed a basis for the decision to suspend the subject of the request. Accordingly I believe this prong has been met.
With respect to the third prong of the above recited test, the FOIA at no point defines the phrase "compelling public interest." However, a leading commentator on the FOIA has provided some guidelines for making the factual determination whether such an interest exists. See Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd ed. 1998). He states, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. at 146. He further observes: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. Elaborating on this point, Watkins remarks: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins additionally notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (remarking that, "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
The documents you have provided are somewhat sketchy both with regard to the events giving rise to the disciplinary action and with regard to the departmental policies the deputy was deemed to have breached. However, you report that the underlying offense was the private use of a patrol car, which the department apparently determined based upon its factual investigation amounted to a violation of sufficient gravity to constitute a breach of the public trust. Not being a finder of fact, I cannot second-guess this conclusion. Accordingly, assuming the first two prongs of the above described test have been met, the only question is whether the public has a compelling interest in the disclosure of records related to this incident.
In my opinion, the answer to this question is in all likelihood "yes." In offering this opinion, I am influenced by the fact that a deputy sheriff wields significant public influence. See A.C.A § 14-15-503(a) ("Every deputy sheriff appointed as provided by law shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff."). I believe the public has a compelling interest in knowing about misconduct by a public employee exercising such powers, as it does in knowing how quickly and forcefully the department responded to the misconduct. However, as the custodian of these records and the chief policymaker in the department, you will need to weigh the various factual issues to determine whether a compelling public interest exists in disclosing the requested documents.
You should further be aware that the Arkansas Supreme Court has recognized a constitutional right of privacy that can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
The question of whether information is protectable under the constitutional right of privacy is a question of fact that must be determined in the first instance by the custodian of the records, on the basis of the facts of the case. If the custodian of the records determines factually that the records contain constitutionally protectable information (i.e., information that meets the three prongs of the test laid out by the McCambridge court), the custodian must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their nondisclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
I should note that while your factual recitation and the documents you have attached to your request deal exclusively with one incident, the FOIA request is broader, seeking "copies of any/all reports, statements, final dispositions (i.e. Letter of suspension(s) and/or terminations)" relating to the former deputy sheriff at issue.[2] I interpret this request as seeking all disciplinary employee evaluation/job performance records for the employee. If any such additional records exist, you should determine their disclosability based on the standards set forth above.
Certain types of information should invariably be redacted from a record prior to its release. For example, you should redact any social security numbers contained in released documents. See, e.g., Op. Att'y Gen. No.99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act"). You should likewise redact unlisted telephone numbers. See, e.g., Op. Att'y Gen. No. 99-054. More generally, where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number should be redacted as well. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos. 2001-123; 99-054. Furthermore, the home addresses of nonelected municipal, county and state employees are exempt from disclosure pursuant to A.C.A. §25-19-105(b)(13). Some records may also contain references to other employees, in which case you will need to determine whether these references are independently exempt from disclosure as personnel records or employee evaluation/job performance records of the referenced co-workers.
With respect to the particular documents you have attached to your request, assuming you determine they are subject to disclosure, I believe you should redact the home address of the subject contained on his written statement. As noted in the previous paragraph, the home addresses of county employees are exempt from disclosure pursuant to A.C.A. §25-19-105(b)(13).
I will note that the former deputy sheriff's statement refers to an individual whom I gather was likewise employed by the Lonoke County Sheriff's Department. If I am correct in this inference, I believe this statement will also constitute that employee's "personnel record," the disclosability of which is subject to a different standard of review than that which applies to employee evaluation/job performance records.[3]
Subsection 25-19-105(b)(12) of the Code exempts from disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom of Information Act (3d ed. 1998), at 134.
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial."
In my opinion, the possible employee referenced in the deputy sheriff's statement has a strong privacy interest in the information contained in the statement, which is of a highly sensitive nature. Moreover, this information has little, if any, relevance to what I gather was the sole basis for the disciplinary action — namely, the unauthorized use of a public vehicle. It would appear, then, that there is little relevant public interest in the disclosure of this information, suggesting that the possible employee's privacy interest should prevail under the standard set forth in Stilley, supra. Accordingly, assuming you conclude that the statement is subject to disclosure, I believe you should redact any portions of the statement that might serve to identify the other possible employee.
Finally, the former deputy refers in his statement to three of his relatives. In my opinion, these individuals have a protectable privacy interest in references to them in disclosed records. However, although I consider these references personal in nature, I do not believe they would be harmful or embarrassing to a reasonable person if disclosed, which is one of the requirements to support nondisclosure under the McCambridge
standard discussed above. As Professor Watkins points out with respect to this issue:
 Only information that is "extremely personal" in nature is likely to satisfy the third prong of the McCambridge test. As the U.S. Court of Appeals for the Eighth Circuit has observed, the constitutional right to privacy extends" only to highly personal matters representing the most intimate aspects of human affairs."[4] The information must be such that its disclosure would be "either a shocking degradation or an egregious humiliation of [the individual] to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information."[5]
J. Watkins R. Pelz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004) (footnotes omitted; brackets in original). I do not consider the information in the statement regarding the deputy sheriff's relatives to be sufficiently personal to be exempt from disclosure under this standard.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] This standard differs considerably from the standard applicable to "personnel records," which are exempt from disclosure under the FOIA if their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A § 25-19-105(b)(12). See discussion, infra.
[2] The FOIA request seeks the same information regarding another employee, whom you have not addressed in your request.
[3] I do not believe the references to this other individual could be deemed employee evaluation/job performance records since they in no way dealt with the individual's job performance.
[4] Eagle v. Moran, 88 F.3d 620, 625 (8th Cir. 1996).
[5] Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir. 1993).